

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*402 East State Street, Room 430*      *609-656-2504*
*Trenton, New Jersey*

TA/PL AGR
2024R00214

June 9, 2025

**RECEIVED**

OCT 0 8 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Laura C. Sayler, Esq.
Assistant Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102

   Re:   Plea Agreement with Dyshon Peterson
         Criminal Number 25-607(GC)

Dear Ms. Sayler:

   This letter sets forth the plea agreement between your client, Dyshon Peterson ("PETERSON"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on July 11, 2025, if it is not accepted in writing by that date. If PETERSON does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

   Conditioned on the understandings specified below, this Office will accept a guilty plea from PETERSON to a one-count Information, which charges PETERSON with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

   If PETERSON enters a guilty plea in this matter and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against PETERSON for his conduct for his unlawful possession of a firearm as a convicted felon on November 9, 2023, as set forth in the criminal complaint captioned *United States v. Dyshon Peterson*, Mag. No. 24-5004 (JBD).

1

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against PETERSON even if the applicable statute of limitations period for those charges expires after PETERSON signs this agreement, and PETERSON agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(g)(1), to which PETERSON agrees to plead guilty in the Information, carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of: (1) $250,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence on Count One may run consecutively to any prison sentence PETERSON is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon PETERSON is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence PETERSON ultimately will receive.

Further, in addition to imposing any other penalty on PETERSON, the sentencing judge as part of the sentence:

(1)   will order PETERSON to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)   may order PETERSON to pay restitution pursuant to 18 U.S.C. § 3663, *et seq.*;

(3)   must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c); and

(4)   pursuant to 18 U.S.C. § 3583, may require PETERSON to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should PETERSON

be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, PETERSON may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of PETERSON's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), PETERSON agrees to forfeit to the United States all right, title, and interest, if any, in the Taurus, Model PT 111, 9mm semi-automatic pistol, bearing serial number ACC727680, loaded with five (5) rounds of 9mm caliber ammunition, seized on or about November 9, 2023 (collectively, the "Specific Property").

PETERSON acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violations of 18 U.S.C. § 922(g) charged in the Information.

PETERSON waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), PETERSON consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. PETERSON understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise PETERSON of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. PETERSON further understands that PETERSON has no right to demand that any forfeiture of PETERSON's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. PETERSON waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

PETERSON also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. PETERSON agrees that PETERSON will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent PETERSON has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific

Property, such claims or petitions are deemed withdrawn. PETERSON further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

PETERSON further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of PETERSON's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on PETERSON by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of PETERSON's activities and relevant conduct with respect to this case.

## Stipulations

This Office and PETERSON will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A

stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and PETERSON waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

PETERSON understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. PETERSON understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. PETERSON wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. PETERSON understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, PETERSON waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. PETERSON also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against PETERSON. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any

third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude PETERSON from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between PETERSON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By: *s/ Tracey Agnew*
TRACEY AGNEW
Assistant United States Attorney

APPROVED:

*Martha K. Nye*

Martha K. Nye
Attorney-In-Charge, Trenton Office

6

I have received this letter from my attorney, Laura C. Sayler, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 7/10/2025
Dyshon Peterson


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 7/10/2025
Laura C. Sayler, Esq.
Counsel for Defendant

Plea Agreement with Dyshon Peterson

Schedule A

1. This Office and Dyshon Peterson ("PETERSON") agree to stipulate to the following facts:

   a. On November 9, 2023, in Asbury Park, New Jersey, PETERSON knowingly and intentionally possessed a Taurus, Model PT 111, 9mm semi-automatic pistol, bearing serial number ACC727680 (the "Firearm"), which was loaded with five (5) rounds of 9mm ammunition.

   b. Before November 9, 2023, PETERSON had been convicted of at least one crime punishable by imprisonment for a term exceeding one year.

   c. For example, on or about January 30, 2017, in the Superior Court of New Jersey, Monmouth County, PETERSON was convicted of Certain Persons Not To Have Weapons, in violation of N.J.S.A. 2C:39-7, a crime punishable by a term of imprisonment exceeding one year, and PETERSON was sentenced to five years' imprisonment.

   d. On November 9, 2023, when PETERSON possessed the Firearm, he knew he had been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year.

   e. The Firearm travelled in or affected interstate or foreign commerce prior to its recovery in New Jersey on November 9, 2023.

2. To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. In particular, this Office reserves the right to argue that PETERSON used or possessed the firearm in connection with another felony offense, warranting a 4-level increase pursuant to U.S.S.G. § 2K2.1(b)(6)(B), and PETERSON reserves the right to argue against this enhancement.

3. Irrespective of the Guideline range ultimately determined by the sentencing court, this Office agrees that a sentence of 60 months imprisonment, plus a three-year term of supervised release to follow, for the charge contained in the Information is reasonable under 18 U.S.C. § 3553(a). This Office agrees not to argue for a term of imprisonment above 60 months.

4. If the sentencing court accepts the factual stipulations set forth above,

both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court.